IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CARLOS IVY (# R9225)** **PLAINTIFF**

**v.** **No. 4:07CV49-P-A**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.** **DEFENDANTS**

### ORDER OF DISMISSAL

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks review of his sentence imposed under the laws of Mississippi. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

The plaintiff's placement on earned release supervision was revoked because he was arrested for his involvement in a domestic dispute with his girlfriend. During the incident the plaintiff broke at least one window at his girlfriend's house, and he resisted arrest when the police arrived. The Mississippi Department of Corrections issues two rule violation reports and revoked the plaintiff's Earned Release Supervision at a hearing held on June 16, 2006. The plaintiff argued at the hearing that he only broke one window at his girlfriend's house – and that although he was arrested, he was not subdued with a Taser, as stated in the police report. The hearing officer found that the infractions warranted revocation of the plaintiff's Earned Release Supervision and referral to reclassification. The plaintiff admits that he actually committed the

rule infraction (failure to abide by statement and conditions of release), but he argues that various administrative errors in the rule violation reports require that they be expunged from his prison record. The plaintiff also requests that, once the rule violation reports are expunged, the 107 days he spent on Earned Release Supervision be counted toward his sentence, thus moving his tentative release date to November 24, 2007.

The plaintiff admits that he violated the terms of Earned Release Supervision, but he wants credit on his sentence for his time spent in that program. He provides no authority for such a ruling, and the court has found none. He seeks to have his sentence shortened – a form of relief that he can only achieve through a writ of *habeas corpus*. The rule for determining whether a prisoner must first obtain *habeas corpus* relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because the plaintiff, if successful in the instant case, would be entitled to accelerated release, he must first obtain *habeas corpus* relief before bringing suit under § 1983, and the instant case shall be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

**SO ORDERED,** this the 10th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE